**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-09991 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, EDWARD | ) | Judge Chang |
| FULTON, Star #12724, | ) | |
| CHRISTOPHER L. GREEN, Star | ) | |
| #13996, LOUIS L. JONES, Star #11648, | ) | |
| DONNELL WALKER, Star #19090, | ) | |
| MARLON A. HOLT, Star #11831, | ) | |
| CMDR. TOMMY J. WALKER, Star | ) | |
| #2328, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, JEROME JAMES, by and through his attorneys, Dailey Law Firm, P.C. and Law Office of Julie O. Herrera, for his First Amended Complaint against defendants, the CITY OF CHICAGO and EDWARD FULTON, Star #12724, CHRISTOPHER L. GREEN, Star #13996, LOUIS L. JONES, Star #11648, DONNELL WALKER, Star #19090, MARLON A. HOLT, Star #11831, and CMDR. TOMMY J. WALKER, Star #2328, alleges as follows:

**PARTIES**

1.       Plaintiff JEROMES JAMES (hereinafter "JAMES") is an African American male and is a resident of Chicago, Illinois.

2.       Defendant CITY OF CHICAGO is a municipal corporation incorporated under the laws of the State of Illinois.

3.      Defendant EDWARD FULTON, Star #12724, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

4.      Defendant CHRISTOPHER L. GREEN, Star #13996, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

5.      Defendant LOUIS L. JONES, Star #11648, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

6.      Defendant DONNELL WALKER, Star #19090, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

7.      Defendant MARLON A. HOLT, Star #11831, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

8.      Defendant CMDR. TOMMY J. WALKER, Star #2328, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

## JURISDICTION AND VENUE

9.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

10.     This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).

11.     This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

12.     This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.

13.     Venue is proper in this District because all of the conduct complained of occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     On or around December 15, 2013, JAMES was taken into police custody by one or more of the defendant police officers while outside of a White Castle restaurant located at or about 10301 South Michigan Avenue, in the CITY OF CHICAGO, County of Cook, State of Illinois.

15.     On said date, JAMES was doing nothing more than discarding trash into a trash receptacle located on the property of the White Castle restaurant at or about 10301 South Michigan Avenue, in the CITY OF CHICAGO, County of Cook, State of Illinois.

16.     On said date, one or more of the defendant police officers, who were waiting for their food in the drive through lane at said White Castle, caused JAMES to be handcuffed and taken to the Fifth District- Chicago Police Station, located at or about 727 East 111th Street, in the CITY OF CHICAGO, County of Cook, State of Illinois.

17.     They did so without any probable cause that a crime had been committed.

18.     While JAMES was in police custody and inside of a locked holding cell located at the

3

Fifth District-Chicago Police Station, JAMES did exchange words with one or more of the defendant police officers, inquiring as to why he was being held if he had not committed nor was alleged to have committed any crimes under Illinois law.

19. At said time, one or more of the defendant police officers did proceed to use excessive force on JAMES.

20. This force includes but is not limited to one or more of the defendant police officers striking JAMES multiple times about the jaw and mouth with a closed fist while utilizing a weapon known as "brass knuckles" across all fingers causing serious injury to JAMES.

21. This force includes but is not limited to one or more of the defendant police officers entering the cell and holding JAMES to a sitting bench and proceeding to strike him about the face and body.

22. This force includes but is not limited to ripping all of JAMES clothes off of his body during the brutal attack.

23. Prior to striking JAMES, one or more of the defendant police officers stated something to the effect of "we got something for big mouthy niggers like you."

24. After a fellow inmate in an adjacent cell alerted a supervising officer that JAMES needed immediate attention, an unknown supervising CITY OF CHICAGO Police Officer ordered that he be transported for medical attention immediately.

25. JAMES was subsequently transferred to both Roseland Community Hospital and Jackson Park Community Hospital by CITY OF CHICAGO Police Officers Holt, Walker, and Jones, and he received emergency treatment.

26. There was no legal cause for the defendant police officers to enter JAMES' holding cell and use any force whatsoever on JAMES.

27. No officer of the CITY OF CHICAGO Police Department, including but not limited to the police officer who struck JAMES about the face/mouth with "brass knuckles," issued any citation whatsoever in connection with JAMES being taken into custody against his will and with no probable cause.

28. There existed no basis for JAMES arrest.

29. As a result of one or more of the defendant police officers' actions, they did cause plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

30. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

31. By reason of defendants' above-described acts, plaintiff was required to retain attorneys to institute, prosecute, and render legal services to him in this action so that he may vindicate the loss and impairment of his rights. For this reason, plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act or any other provision set by law.


## -FEDERAL CLAIMS AGAINST ALL DEFENDANT OFFICERS-

## COUNT I: UNREASONABLE SEIZURE-*Detention/Arrest*

32. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-one (1-31) as if set forth in full herein.

33. By reason of defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder.

34.     Defendants seized plaintiff unreasonably, without probable cause or reasonable suspicion.  Therefore, one or more of the defendant police officers are liable for this seizure under 42 U.S.C ¶ 1983.


## COUNT II: EXCESSIVE FORCE & FAILURE TO PROTECT

35.     Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-one (1-31) as if set forth in full herein.

36.     By reason of one or more of the defendant police officers' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

37.     The force used on plaintiff was unnecessary and unreasonable and was therefore in violation of plaintiff's Fourth and Fourteenth Amendment rights.  The force described above was without legal cause and constituted unnecessary and unreasonable excessive force.

38.     Any officer who failed to protect plaintiff from excessive force, despite a reasonable ability to do so, is also liable.

39.     Therefore, one or more defendant police officers are liable to JAMES under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from excessive force.

## COUNT III: EQUAL PROTECTION VIOLATION

40.     Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-one (31) as if set forth in full herein.

41.     The defendant police officers violated JAMES' right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution to be free from discrimination on account of race.

42.     JAMES as an African-America is a member of a protected class.

43.     Defendants' conduct, including calling JAMES "nigger," demonstrated discriminatory animus towards plaintiff.

44.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's Constitutional rights.

45.     Therefore, one or more defendant police officers are liable to JAMES under 42 U.S.C ¶ 1983 for violating his Constitutional right to equal protection.


## -STATE SUPPLEMENTAL CLAIMS AGAINST - ALL DEFENDANTS


## COUNT IV: BATTERY

46.     Plaintiff realleges and incorporates herein by reference paragraphs one to thirty (1-30) as if set forth in full herein.

47.     One or more defendant police officers, without any legal cause, made unwelcome and offensive physical contact with JAMES.

48.     In committing the acts alleged in the preceding paragraphs, the defendant officers were members and agents of the CITY OF CHICAGO Police Department acting at all relevant times within the scope of their employment.

49.     Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

50.     Therefore, all defendants are liable under the Illinois state law claim of battery.


## COUNT V: HATE CRIME STATUTE VIOLATION (720 ILCS 5/12-7.1, et seq)

51.     Plaintiff realleges and incorporates herein by reference paragraphs one to thirty (1-

30) as if set forth in full herein.

52.     It is a violation of Illinois law to commit battery against someone based on the person's race or color. One or more defendant police officers committed a hate crime when they battered plaintiff because of his race and/or color.

53.     In committing the acts alleged in the preceding paragraphs, the defendant officers were members and agents of the City of Chicago Police Department acting at all relevant times within the scope of their employment.

54.     Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

55.     Therefore, all defendants are liable under 720 ILCS 5/12-7.1, *et seq* for committing a hate crime against Plaintiff.

### -STATE SUPPLEMENTAL CLAIMS AGAINST CITY OF CHICAGO-

### COUNT VI: STATUTORY LIABILITY under 745 ILCS 10/9-102
### AND CONTRACTUAL LIABILTY UNDER CBA

56.     Plaintiff realleges and incorporates herein by reference paragraphs one to fifty-five (1-55) as if set forth in full herein.

57.     Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

58.     Moreover, Plaintiff is a third-party beneficiary of a collective bargaining agreement between Defendant CITY OF CHICAGO and the union(s) representing the defendant officers, in which contract defendant CITY OF CHICAGO has obligated itself to pay for all judgments for

compensatory damages, attorneys' fees and costs against defendant officers.

59.     The acts and/or omissions of the defendant officers were committed within the scope of their employment.

60.     As a result, In the event that a judgment for compensatory damages is entered against one or more of the defendant officers, the CITY OF CHICAGO must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT VII: WILLFUL AND WANTON SUPERVISION

61.     Plaintiff realleges and incorporates herein by reference paragraphs one to thirty (1-30) as if set forth in full herein.

62.     Based upon the conduct of defendant officers, it is reasonable to assume that complaints have been recorded with either the Internal Affairs Division of the Chicago Police Department or the City of Chicago Independent Police Review Authority and will so be uncovered through the discovery process.

63.     The CITY OF CHICAGO had and has a duty to supervise its police officers, including the defendant officers, to ensure that they are not committing constitutional violations during their encounters with citizens.

64.     The CITY OF CHICAGO and/or its agents willfully and wantonly supervised the defendant officers by failing to respond to their pattern of misconduct and/or correct their pattern of behavior.

65.     Through their actions and inactions in supervising the defendant officers, the CITY OF CHICAGO and/or its agents displayed deliberate indifference and a conscious disregard for the safety and physical and psychological well-being of its and their citizens.

66.     The willful and wanton acts and omissions of the CITY OF CHICAGO and/or its agents proximately caused plaintiff's injuries.

67.     If the CITY OF CHICAGO had properly supervised the defendant officers and responded to their pattern of misconduct, plaintiff would not have suffered the constitutional violations or the malicious prosecution he suffered at the hands of the defendant officers.

68.     As a result of the CITY OF CHICAGO's willful and wanton supervision of the defendant officers, plaintiff was injured physically, emotionally, and otherwise from the loss of certain constitutionally protected liberty and related rights.

69.     Therefore, the CITY OF CHICAGO is liable under the supplemental state law claim of willful and wanton supervision.


**WHEREFORE**, plaintiff respectfully requests:

A. That Plaintiff be awarded compensatory damages in an amount to be determined at trial to compensate him for mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, medical bills, future pecuniary losses, and other consequential damages;

B. That defendants be required to pay prejudgment interest to plaintiff on these damages;

C. That the defendant officers be required to personally pay to plaintiff punitive damages, to punish them for their conduct and deter future similar conduct;

D. That plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses; and

E. Such other relief as the Court may deem just or equitable.


**PLAINTIFF REQUESTS A TRIAL BY JURY**


RESPECTFULLY SUBMITTED,

BY:   <u>s/  Julie O. Herrera</u>
Julie O. Herrera One of Plaintiff's Attorneys

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812