**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEROME JAMES, ) | |
| ) | Case No. 14 CV 09991 |
| Plaintiff, ) | |
| ) | Judge Edmond E. Chang |
| vs. ) | |
| ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, EDWARD FULTON, ) | |
| Star #12724, CHRISTOPHER L. GREEN, ) | |
| Star #13996, LOUIS L. JONES, Star #11648, ) | |
| DONNELL WALKER, Star #19090, MARLON ) | |
| A. HOLT, Star #11831, CMDR. TOMMY J. ) | |
| WALKER, Star #2328, CLAUZELL S. GAUSE, ) | |
| Star #14001, KENNETH MOLESKY, Star #6538, ) | |
| MATTHEW CADMAN, Star #17276, SCOTT ) | |
| MILLSAPS, Star #3048, and REGGIE SMITH, ) | |
| Star #18718, ) | |
| ) | |
| Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND
TO PLAINTIFF'S SECOND AMENDED COMPLAINT
OF DEFENDANTS EDWARD FULTON, CHRISTOPHER GREEN,
LOUIS JONES, DONNELL WALKER, MARLON HOLT, TOMMY WALKER,
CLAUZELL GAUSE, KENNETH MOLESKY, MATTHEW CADMAN,
SCOTT MILLSAPS, AND REGGIE SMITH**

Defendants Edward Fulton, Christopher Green, Louis Jones, Donnell Walker, Marlon Holt, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith (collectively, "Defendants"), by and through one of their attorneys, Victoria R. Benson, Senior Assistant Corporation Counsel, for their Answer to Plaintiff's Second Amended Complaint, hereby states as follows:

**PARTIES**

1. Plaintiff JEROME JAMES (hereinafter "JAMES") is an African American male and is a resident of Chicago, Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

2. Defendant CITY OF CHICAGO is a municipal corporation incorporated under the laws of the State of Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

3. Defendant EDWARD FULTON, Star #12724, is a CITY OF CHICAGO police officer who, at al pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

4. Defendant CHRISTOPHER L. GREEN, Star #13996, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

5. Defendant LOUIS L. JONES Star #11648, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

6. Defendant DONNELL WALKER, Star #19090, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

7. Defendant MARLON A. HOLT, Star #11831, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

8. Defendant CMDR. TOMMY J. WALKER, Star #2328, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit that Defendant Walker was a Chicago police officer at the time of the incident referenced in Plaintiff's complaint but deny he is currently a Chicago police officer. Defendants admit the remaining allegations contained in this paragraph.

9. Defendant CLAUZELL S. GAUSE, Star #14001, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

10. Defendant KENNETH MOLESKY, Star #6538, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

11. Defendant MATTHEW CADMAN, Star #17276, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

12. Defendant SCOTT MILLSAPS, Star #3048, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

13. Defendant REGGIE SMITH, #18718, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## JURISDICTION AND VENUE

14. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

**ANSWER**: Defendants admit the allegations contained in this paragraph.

15. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).

**ANSWER**: Defendants admit the allegations contained in this paragraph.

16. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

17. This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.

**ANSWER**: Defendants deny that Tommy Walker is a resident of Illinois, but admit the remaining allegations contained in this paragraph.

18. Venue is proper in this District because all of the conduct complained of occurred in this district.

**ANSWER**: Defendants admit venue is proper in this District but deny they engaged in any wrongdoing.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19. On or around December 15, 2013, JAMES was taken into police custody by one or more of the defendant police officers while outside of a White Castle restaurant located at or about 10301 South Michigan Avenue, in the CITY OF CHICAGO, County of Cook, State of Illinois.

**ANSWER**: Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Reggie Smith admit the allegations contained in this paragraph. Defendants Louis Jones, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, and

4

Scott Millsaps, upon information and belief, admit the allegations contained in this paragraph.

20. On said date, JAMES was doing nothing more than discarding trash into a trash receptacle located on the property of the White Castle restaurant at or about 10301 South Michigan Avenue, in the CITY OF CHICAGO, County of Cook, State of Illinois.

**ANSWER**: Defendants Donnell Walker and Marlon Holt deny the allegations contained in this paragraph. Defendants Christopher Green, Edward Fulton, Louis Jones, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith, upon information and belief, deny the allegations contained in this paragraph.

21. On said date, one or more of the defendant police officers, who were waiting for their food in the drive through lane at said white Castle, caused JAMES to be handcuffed and taken to the Fifth District - Chicago Police Station, located at or about 727 East 111th Street, in the CITY OF CHICAGO, County of Cook, State of Illinois.

**ANSWER**: Defendants Donnell Walker, Marlon Holt, Christopher Green, and Edward Fulton admit that Plaintiff was handcuffed and taken to the Fifth District Police Station located at 727 East 111th Street, Chicago, Illinois, but deny the remaining allegations contained in this paragraph. Defendant Reggie Smith admits that that Plaintiff was handcuffed and taken to the Fifth District Police Station located at 727 East 111th Street, Chicago, Illinois, but denies, upon information and belief, the remaining allegations contained in this paragraph. Defendants Louis Jones, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, and Scott Millsaps, upon information and belief, admit that Plaintiff was handcuffed and taken to the Fifth District Police Station located at 727 East 111th Street, Chicago, Illinois, but deny the remaining allegations contained in this paragraph.

5

22. They did so without any probable cause that a crime had been committed.

**ANSWER**: Defendants Donnell Walker and Marlon Holt deny the allegations contained in this paragraph. Defendants Christopher Green, Edward Fulton, Tommy Walker, Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith, upon information and belief, deny the allegations contained in this paragraph.

23. There existed no basis for JAMES' arrest.

**ANSWER**: Defendants Donnell Walker and Marlon Holt deny the allegations contained in this paragraph. Defendants Christopher Green, Edward Fulton, Tommy Walker, Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith, upon information and belief, deny the allegations contained in this paragraph.

24. While JAMES was in police custody and inside of a locked holding cell located at the Fifth District-Chicago Police Station, JAMES did exchange words with one or more of the defendant police officers, inquiring as to why he was being held if he had not committed nor was alleged to have committed any crimes under Illinois law.

**ANSWER**: Defendants Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny the allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny the allegations contained in this paragraph.

25. At said time, one or more of the defendant police officers did proceed to use excessive force on JAMES.

**ANSWER**: Defendants Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny the allegations contained in this paragraph.

Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny the allegations contained in this paragraph.

26. This force includes but is not limited to one or more of the defendant police officers striking JAMES multiple times about the jaw and mouth with a closed fist while utilizing a weapon known as "brass knuckles" across all fingers causing serious injury to JAMES.

**ANSWER**: Defendant Louis Jones admits that he administered two closed hand strikes to Plaintiff's jaw but denies the force he used was excessive and denies the remaining allegations contained in this paragraph. Defendants Claudell Gause, Matthew Cadman, Scott Millsaps, and Reggie Smith deny that they themselves used any force against Plaintiff but admit that Defendant Louis Jones struck Plaintiff. Defendants Claudell Gause, Matthew Cadman, Scott Millsaps, and Reggie Smith deny Defendant Louis Jones used excessive force and deny the remaining allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, Tommy Walker, and Kenneth Molesky, upon information and belief, admit that Defendant Louis Jones struck Plaintiff's jaw but deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the remaining allegations contained in this paragraph.

27. This force includes but is not limited to one or more of the defendant police officers entering the cell and holding JAMES to a sitting bench and proceeding to strike him about the face and body.

**ANSWER**: Defendant Louis Jones denies he used excessive force and denies the allegations contained in this paragraph. Defendants Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the

7

allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the allegations contained in this paragraph.

28. This force includes but is not limited to ripping all of JAMES clothes off his body during the brutal attack.

**ANSWER**: Defendant Louis Jones denies he used excessive force and denies the allegations contained in this paragraph. Defendants Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the allegations contained in this paragraph.

29. He remained naked for several hours.

**ANSWER**: Defendant Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny the allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny the allegations contained in this paragraph.

30. Prior to striking JAMES, one or more of the defendant police officers stated something to the effect of "we got something for big mouthy niggers like you."

**ANSWER**: Defendant Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny the allegations contained in this paragraph.

Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny the allegations contained in this paragraph.

31. There was no legal cause for the defendant police officers to enter JAMES' holding cell and use any force whatsoever on JAMES, let alone the amount of force they used.

**ANSWER**: Defendant Louis Jones denies the allegations contained in this paragraph and denies the force he used was excessive. Defendants Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the remaining allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, and Tommy Walker, upon information and belief, deny Defendant Louis Jones used excessive force, deny they themselves used any force, and deny the remaining allegations contained in this paragraph.

32. No officer of the CITY OF CHICAGO Police Department, including but not limited to the police officer who struck JAMES about the face/mouth with "brass knuckles," issued any citation whatsoever in connection with JAMES being taken into custody against his will and with no probable cause.

**ANSWER**: Defendants admit that Plaintiff was released without being charged for any criminal offenses but deny that Plaintiff was struck with "brass knuckles" and deny the remaining allegations contained in this paragraph.

33. Only after a fellow inmate in an adjacent cell alerted a supervising officer that JAMES needed immediate attention, an unknown supervising CITY OF CHICAGO Police Officer ordered that he be transported for medical attention.

**ANSWER**: Defendant Louis Jones, Clauzell Gause, and Kenneth Molesky deny the allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt,

9

Christopher Green, Edward Fulton, Tommy Walker, Matthew Cadman, Scott Millsaps, and Reggie Smith, upon information and belief, deny the allegations contained in this paragraph.

34. JAMES was taken to Roseland Community Hospital by one or more other officers.

**ANSWER**: Defendants, upon information and belief, admit the allegations contained in this paragraph.

35. At Roseland, he refused treatment after being insulted by a nurse.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36. Despite this refusal of treatment, he was restrained at the hospital, drugged, and a catheter was put into his penis, among other things.

**ANSWER**: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

37. The officers did not have probable cause to believe he needed immediate hospitalization because he was a danger to himself or others. Rather, they caused him to be detained maliciously.

**ANSWER**: Defendant Louis Jones, Clauzell Gause, Kenneth Molesky, Matthew Cadman, and Scott Millsaps deny the allegations contained in this paragraph. Defendants Donnell Walker, Marlon Holt, Christopher Green, Edward Fulton, Tommy Walker, and Reggie Smith, upon information and belief, deny the allegations contained in this paragraph.

38. After Roseland, one or more of the officers caused him to be transported to Jackson Park Hospital, where it was ultimately determined that he was suffering from no delusions, was cooperative and acting appropriately and where he was soon discharged (after the effects of Roseland's sedation wore off).

10

**ANSWER**: Defendants, upon information and belief, admit that Plaintiff was transported to Jackson Park Hospital but lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

39. As a result of one or more of the defendant police officers' actions, they caused plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

40. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**: Defendants deny they engaged in the alleged aforementioned acts of misconduct and deny the allegations contained in this paragraph.

41. By reason of defendants' above-described acts, plaintiff was required to retain attorneys to institute, prosecute, and render legal services to him in this action so that he may vindicate the loss and impairment of his rights.  For this reason, plaintiff request payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act or any other provision set by law.

**ANSWER**: Defendants deny they engaged in the above-described acts of misconduct and deny the allegations contained in this paragraph.

## FEDERAL CLAIMS

### COUNT I: UNREASONABLE SEIZURE AGAINST INDIVIDUAL DEFENDANTS

42. Plaintiff re-alleges and incorporates herein by reference paragraphs one to forty-one (1-41) as if set forth in full herein.

**ANSWER**: Defendants re-allege and re-incorporate their answers to paragraphs one to forty-one (1-41) as if set forth in full here.

43. By reason of defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

44. Defendants seized plaintiff unreasonable, without probable cause or reasonable suspicion. Therefore, one or more of the defendant police officers are liable for this seizure under 42 U.S.C. ¶ 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### COUNT II: EXCESSIVE FORCE & FAILURE TO PROTECT
### AGAINST INDIVIDUAL DEFENDANTS

45. Plaintiff re-alleges and incorporates herein by reference paragraphs one to forty-one (1-41) as if set forth in full herein.

**ANSWER**: Defendants re-allege and re-incorporate their answers to paragraphs one to

forty-one (1-41) as if set forth in full here.

46. By reason of one or more of the defendant police officers' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**: Defendants deny the alleged conduct and deny the allegations contained in this

paragraph.

47. The force used on plaintiff was unnecessary and unreasonable and was therefore in violation of plaintiff's Fourth and Fourteenth Amendment rights. The force described above was without legal cause and constituted unnecessary and unreasonable excessive force.

**ANSWER**: Defendants deny force was used as described by Plaintiff and deny the allegations

contained in this paragraph.

48. Any officer who failed to protect plaintiff from excessive force, despite a reasonable ability to do so, is also liable.

**ANSWER**: Defendants deny that excessive force was used against Plaintiff and, therefore,

deny the allegations contained in this paragraph.

49. Therefore, one or more defendant police officers are liable to JAMES under 42 U.S.C. ¶ 1983 for violating his Constitution right to be free from excessive force.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT III: EQUAL PROTECTION VIOLATION
## AGAINST INDIVIDUAL DEFENDANTS

50. Plaintiff re-alleges and incorporates herein by reference paragraphs one to forty-nine (1-49) as if set forth in full herein.

**ANSWER**: Defendants re-allege and re-incorporate their answers to paragraphs one to

forty-nine (1-49) as if set forth in full here.

51. The defendant police officers violated JAMES' right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution to be free from discrimination on account of race.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

52. JAMES, as an African-American, is a member of a protected class.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

53. Defendants' conduct, including calling JAMES "nigger," demonstrated discriminatory animus towards plaintiff.

**ANSWER**: Defendants deny they committed the alleged misconduct and, therefore, deny the

allegations contained in this paragraph.

54. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's Constitutional rights.

**ANSWER**: Defendants deny they committed the alleged misconduct and, therefore, deny the

allegations contained in this paragraph.

55. Therefore, one or more defendant police officers are liable to JAMES under 42 U.S.C. ¶ 1983 for causing the violations of his rights as described above.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT IV: MONELL CLAIM AGAINST CITY OF CHICAGO

Count IV is not directed against these Defendants and, as such, these Defendants make no answer to Count IV of Plaintiff's Second Amended Complaint. To the extent any of the allegations contained in Count IV can be said to be directed against these Defendants, said allegations are denied.

## STATE SUPPLEMENTAL CLAIMS AGAINST - ALL DEFENDANTS

## COUNT V: BATTERY

65. Plaintiff re-alleges and incorporates herein by reference paragraphs one to forty (40) as if set forth in full herein.

**ANSWER**: Defendants re-allege and re-incorporate their answers to paragraphs one to forty (1-40) as if set forth in full here.

66. Once or more defendant police officers, without any legal cause, made unwelcome and offensive physical contact with JAMES.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

67. In committing the acts alleged in the preceding paragraphs, the defendant officers were members and agents of the CITY OF CHICAGO Police Department acting at all relevant times within the scope of their employment.

**ANSWER**: Defendants admit the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment. Defendants deny that they committed the alleged acts and, therefore, deny the remaining allegations contained in this paragraph.

68. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

**ANSWER**: Defendants deny the allegations contained in this paragraph because these allegations contain an incomplete and/or inaccurate statement of the law.

14

69. Therefore, all defendants are liable under the Illinois state law claim of battery.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

**COUNT VI: HATE CRIME STATUTE VIOLATION (720 ILCS 5/12-7.1, et seq)**

70. Plaintiff re-alleges and incorporates herein by reference paragraphs one to forty (1-40) as if set forth in full herein.

**ANSWER**: Defendants re-allege and re-incorporate their answers to paragraphs one to forty (1-40) as if set forth in full here.

71. It is a violation of Illinois law to commit battery against someone based on the person's race or color. One or more defendant police officers committed a hate crime when they battered plaintiff because of his race and/or color.

**ANSWER**: Defendants admit that it is a violation of Illinois law to commit battery against someone based on the person's race or color but deny they committed the alleged acts and, therefore, deny the remaining allegations contained in this paragraph.

72. In committing the acts alleged in the preceding paragraphs, the defendant officers were members and agents of the City of Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER**: Defendants admit the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment. Defendants deny that they committed the alleged acts and, therefore, deny the remaining allegations contained in this paragraph.

73. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

74. Therefore, all defendants are liable under 720 ILCS 5/12-7.1, *et seq* for committing a hate crime against Plaintiff.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## STATE SUPPLEMENTAL CLAIMS AGAINST CITY OF CHICAGO

### COUNT VII: STATUTORY LIABILITY under 745 ILCS 10/9-102

Count VII is not directed against these Defendants and, as such, these Defendants make no answer to Count VII of Plaintiff's Second Amended Complaint. To the extent any of the allegations contained in Count VII can be said to be directed against these Defendants, said allegations are denied.

### COUNT VIII: WILLFUL AND WANTON SUPERVISION

Count IV is not directed against these Defendants and, as such, these Defendants make no answer to Count IV of Plaintiff's Second Amended Complaint. To the extent any of the allegations contained in Count IV can be said to be directed against these Defendants, said allegations are denied.

WHEREFORE, Defendants respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including for costs for defend for defending this suit, and enter any other relief that this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Defendants Edward Fulton, Christopher Green, Louis Jones, Donnell Walker, Marlon Holt, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith are entitled to qualified immunity because, at all times during the events alleged in Plaintiff's complaint, their conduct was objectively reasonable in light of then-prevailing law.

2. Defendants Edward Fulton, Christopher Green, Louis Jones, Donnell Walker, Marlon Holt, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith are entitled to immunity under Local Governmental and

Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq*. ("Tort Immunity Act"), because local government employees acting in the execution or enforcement of the law cannot be liable for their actions unless those actions are willful and wanton. *Id*. at § 2-202.

3. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2012).

4. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants Edward Fulton, Christopher Green, Louis Jones, Donnell Walker, Marlon Holt, Tommy Walker, Clauzell Gause, Kenneth Molesky, Matthew Cadman, Scott Millsaps, and Reggie Smith hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson
Senior Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0454
(312) 744-6566 (FAX)
Atty. No. 6282508

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT OF DEFENDANTS EDWARD FULTON, CHRISTOPHER GREEN, LOUIS JONES, DONNELL WALKER, MARLON HOLT, TOMMY WALKER, CLAUZELL GAUSE, KENNETH MOLESKY, MATTHEW CADMAN, SCOTT MILLSAPS, AND REGGIE SMITH**, which sends a true and correct copy to all counsel, including:

| Jason A. Ott | Julie O. Herrera |
|---|---|
| Dailey Law Firm, P.C. | Law Office of Julie O. Herrera |
| 30 N. LaSalle Street, Suite 3200 | 53 W. Jackson Blvd., Suite 1615 |
| Chicago, Illinois 60602 | Chicago, Illinois 60604 |

on this 27th day of July, 2015.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson
Senior Counsel

City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0454
(312) 744-6566 (FAX)
Atty. No. 6282508

18